REQUESTED BY: Robert G. Simmons, Jr., Banner County Attorney, Scottsbluff, Nebraska
1. Does the uniform expense allowance prescribed in section 23-1718 constitute compensation or salary and, therefore, necessitate that such allowance be expressly provided for in the salary resolution adopted by the county board pursuant to section 23-1114?
2. Does the absence of any mention of a uniform allowance in the salary resolution foreclose the county board from authorizing an allowance in any amount exceeding $10 per month?
1. No.
2. No.
Section 23-1718, R.R.S. 1943, provides:
 "County sheriffs and their deputies in counties of less than two hundred thousand population shall each receive an allowance for uniform expense of not less than ten dollars per month, to be paid by the county which such officers serve."
Section 23-1114, R.R.S. 1943, in part, provides:
 "(1) The salaries of all elected officers of the county shall be fixed by the county board at least sixty days prior to the closing of filings of certificates of nomination to place names on the primary ballot. . ."
A uniform allowance is not compensation, in the usual sense of the term, although it might be considered as recompensation. The obvious intent of section 23-1718 is to reimburse all or part of the cost incurred by the sheriff and deputies in the purchase of official uniforms. It is somewhat comparable to the mileage allowance for travel in the performance of duties, as provided in section 23-1112, R.R.S. 1943. However, in the case of uniform expense, the Legislature chose to simply provide a minimum allowance; rather than to fix either a flat sum or minimum/maximum limits.
The term `salaries,' as used in section 23-1114 seems to have reference to the regular, periodical, compensation paid to the office holder for the performance of his regular official duties and services, as distinguished from a special allowance or fee. This view was adopted by the North Dakota court in State ex rel. Lyons v. Guy,107 N.W.2d 211, 216, wherein it was held that statutory provisions for expense of travel by public officers was simply reimbursement and did not constitute `salary or emolument' within the meaning of a constitutional limitation upon increases during terms.
Accordingly, in our opinion, it is not necessary that the salary-fixing resolution contain any provision with respect to uniform allowance.
Under the statutes, the sheriff must be paid the minimum allowance of $10 per month. How much more, if any, uniform expense allowance is to be paid seems to be a matter wholly within the discretion of the county board.
In view of our conclusion that the uniform allowance is not `salary' and need not be recited in the salary resolution, the further conclusion follows that the absence of any mention in the resolution of a uniform expense allowance would not foreclose the county board from authorizing an allowance in excess of $10 per month.